**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **THOMAS KENDALL WEBB, JR.,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 13-179ERIE** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL ASTRUE,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.  RECOMMENDATION

It is respectfully recommended that this action be dismissed due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).


## II.  REPORT

### A.  Procedural History

On June 21, 2013, Plaintiff, through his counsel, filed this civil action challenging the denial of benefits by the Social Security Administration.  As requested and prepared by Plaintiff's counsel, three Summons were signed and issued on June 25, 2013, by the Clerk of Court. ECF No. 3.

Thereafter, Plaintiff's counsel filed a "Praecipe to Reissue Summons" and Summons were reissued by the Clerk. ECF Nos. 4, 5, 6. On July 10, 2013, Plaintiff's counsel requested the first reissue of Summons because the prior Summons "inadvertently included an incorrect caption." ECF No. 4. The following day, Plaintiff's counsel again requested the reissue of Summons due to an incorrect caption, as well as his own failure to include a Summons for each

of the parties who must be served (Commissioner of Social Security Michael Astrue, U.S. Attorney General Eric Holder, and U.S. Attorney W.D. Pa. Robert Cessar).

No Return of Service was ever filed by Plaintiff's counsel.

By Order dated November 27, 2013, this Court issued an Order directed to Plaintiff's counsel to show cause for his failure to serve Defendants in accordance with the Federal Rules of Civil Procedure before December 4, 2013. As of today's date, Plaintiff's counsel has not filed a Response to the Show Cause Order.

**B. Rule 4(m)**

Federal Rule of Civil Procedure 4(m) provides that the Court shall dismiss the complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 120 days of the filing of the complaint. However, when a plaintiff demonstrates good cause for the failure to timely serve the defendant, the Court may extend the time for service. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). "In the good cause determination, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

Here, the complaint was filed on June 21, 2013, well over 120 days ago and service has not been made. Plaintiff's counsel failed to directly respond to the show cause order with any argument of good cause for his failure to serve Defendants in a timely manner. Instead, Plaintiff's counsel filed a Return of Service Executed against U.S. Attorney Robert Cessar in the Federal Courthouse in Erie, Pennsylvania on July 1, 2013, in a case captioned as Webb v.

<u>Cessar</u>. <u>See</u> ECF No. 7.[1] Besides the Return of Service, Plaintiff's counsel also filed **another** "Praecipe to Reissue Summons" explaining:

> Please note that the prior Summons in the above-captioned case was properly served on all Defendants on July 1, 2013, however, a Text Order to show Cause for Failure to serve Defendants, by Magistrate Judge Susan Paradise Baxter [was issued] on November 27, 2013. After diligent search, the only certified mail receipt that I can find in my file is the Service provided to the U.S. Attorney for the Western District of Pennsylvania; [sic] Mr. Robert S. Cessar, at his office in the U.S. Attorney's office, Federal Courthouse Room A-330, 17 South Park Row, Erie, Pennsylvania, [sic] 16501. In an overabundance of caution, I also mailed the Service via regular U.S. Mail, postage prepaid, to each of the named Defendants, as per Federal Rule of Civil Procedure 5. Service was also electronically provided pursuant to ECF User Manuel [sic] Guidelines contained at LCvR 5.5 "Filing Documents by Electronic Means". [sic] I do not know why a response to the Summons was not filed by the U.S. Attorney's office within 60 days of such service (copy attached). Furthermore, I do not know why I was asked to show Cause for Failure to File when service was properly made on all of the named Defendants. Once again, in what appears to be an unnecessary step in the process, in an exercise of what is probably only an overabundance of caution, I respectfully ask that a Summons in civil Action be reissued so that I can once against file Service on all named Defendants.

ECF No. 8. The following day, Plaintiff's counsel filed yet another "Praecipe to Reissue Summons" noting that the prior Summons (at ECF No. 8) "inadvertently included an incorrect caption on one or more of the attached Summons and then inadvertently failed to include a Summons" for each party who must be served. ECF No. 9. The Clerk of Courts has not reissued these Summons.

To the extent that these arguments in the Praecipe to Reissue Summons at ECF No. 8 can be construed as Plaintiff's attempts to show good cause for his failure to comply with Rule 4, they fail. The Proof of Service Executed (filed by Plaintiff at ECF No. 8) does not constitute evidence of service as it contains the wrong caption and there is no Robert Cessar at the address. Plaintiff's counsel admits that he cannot find any other certified mail receipt for any of the other

---

[1] This is one of the first Summons prepared by Plaintiff's counsel and issued by the Clerk of Court on June 25, 2013.

Summons issued by the Clerk of Courts. This Court also notes that counsel's argument that he served the complaint by regular mail does not provide any evidence of service. Furthermore, the argument that service was electronically provided via ECF is patently wrong. A Notice of Electronic Filing ("NEF") is only provided electronically via ECF after a party has been served and entered an appearance on the docket.

Accordingly, because Plaintiff's counsel has not shown good cause for his failure to serve Defendants in accordance with Rule 4(m), this case should be dismissed.

## III.     CONCLUSION

For the foregoing reasons, it is recommended that this action be dismissed due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m).

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 3, 2014